**EMPLOYERS' LIABILITY ASSUR. CORPO-
RATION, Limited, v. YOUNG et al.**

No. 2471.

Court of Civil Appeals of Texas. El Paso.
Dec. 18, 1930.

Rehearing Denied Jan. 15, 1931.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellees.

PELPHREY, C. J.

On August 17, 1928, the Industrial Accident Board made an award in favor of O. C. Young against appellant for compensation at the rate of $20 per week for a period not to exceed 401 weeks. Suit was filed in the Fourteenth district court of Dallas county to have said award set aside. The law firm of Caldwell, Gillen, Francis & Gallagher were made parties defendant by reason of the fact that a certain percentage of the award should be paid to it. Appellees answered by general demurrer, general denial, and by a cross-action seeking recovery for total disability.

The case was submitted to a jury on special issues who found: (1) That C. C. Young sustained an injury to his body on the 13th day of April, 1928, while employed by the Ford Motor Company; (2) that his injuries were sustained in the course of his employment; (3) that he was totally incapacitated from labor on account of such injuries; (4) that the total incapacity is permanent; and (5) that manifest hardship and injustice will result to him if settlement is not made in lump sum.

Judgment was rendered upon the findings that appellees recover the sum of $7,017.08 from appellant, to divide between them.

This appeal has been prosecuted from the above judgment.

### Opinion.

Appellant's first three propositions are based upon its assignment complaining of the following argument of counsel for appellee: "If he (referring to defendant, Young)

had not tried to work, they (referring to the plaintiff, Insurance Company) would have said, 'you lazy scoundrel, why don't you get out and try? You haven't even tried.'" Appellant argues that the above argument was of a character to arouse the passion and prejudice of the jury against appellant, and that, there being a sharp conflict in the evidence before the jury, the argument constitutes reversible error.

It appears from the trial court's qualification of the appellant's bill of exceptions that no objection was made to the argument until after the jury had returned its verdict, and that appellant's counsel made the following argument to the jury: "A few weeks later— Mr. Young himself, said it was a few weeks later, and then Mr. Mosely said it was quite a while that back appeared Mr. Young at the Ford plant; and what did he say? That I am sick and can't work and want some money? No, he was saying, 'I am back ready to go to work.' Now, he knew what his work was, he knew that about once every fifteen minutes in the day his work called on him to lift these same bodies, * * * he knew that he had a regular man's size job there, and there he was, standing at the office of Mr. Mosely saying, 'I am ready to go to work' * * * and he (Mr. Mosely) wouldn't take him back, and we have it right out of the mouth of Mr. Young, and Mr. Young got very angry about that; and he not only went to Mr. Mosely, but went to Mr. Cunningham and everybody else around there insisting that 'I am back here ready to go to work'—well, there is a controversy between Mr. Mosely and Mr. Young * * * and the next thing he did he said, 'I did go down and employ lawyers.' Employed them for what? Well, I don't know what they said to him, but it is fair to presume that they said, 'You can't sue the Ford Motor Company,' and kept looking around and said, 'why jump this insurance Company over here.' True, yesterday you said you were ready to go back to work, but since they didn't put you back on we will file a petition and say you were totally and permanently disabled, and I say that in all fairness. * * *"

"Is it conducive to a fair trial for counsel representing the claimant to picture the insurance company as being ready to characterize the claimant as a 'lazy scoundrel?'" asks appellant in its argument, and then the further argument is advanced that with such an atmosphere it would be impossible for the jury to think of the issues in that calm and dispassionate way that the law aims to insure to all litigants.

From the argument of appellant, above quoted, there appears to have been an effort on his part to have the jury believe that Young was not permanently injured as he had testified to, and that he had gone to see his lawyers only because he was angry because the Ford Company would not let him go back to work.

In our opinion, a man who would perjure himself as to his true physical condition for the purpose of recovering compensation from an insurance company, and who, because he was angry, would agree with his lawyers to present to the court an unjustified claim, could not be held up as a shining example of honor and virtue, and it seems that by the language complained of appellees' counsel was merely telling the jury that, if certain facts had not existed, then appellant would have called appellee what appellant's counsel had already in effect called him. The argument of appellant's counsel clearly imputed to appellee and his attorneys a plan to mulct from appellant moneys to which appellee was not entitled, and if, in reply to such argument, appellee's counsel happened to say that under other circumstances they would have called him a different kind of a "scoundrel," we fail to see how appellant can complain. The assignment is accordingly overruled.

Appellant's fourth proposition is to the effect that the judgment should be reversed because the verdict was against the great preponderance of the evidence.

We will not here attempt to quote the testimony, as it is quite lengthy, but from a careful reading of the statement of facts we have concluded that the evidence is amply sufficient, and therefore overrule the assignment.

■■ While the wife of appellee was testifying, she was asked the following question: "Have you ever asked your husband to perform any light duties around the house since he got hurt?" And she answered, "Well, not long ago I asked him to pick up something and he couldn't do it, I had forgot that he couldn't do it."

In response to appellant's objection to the question and answer, the court instructed the witness to tell just what she saw; appellant again objected to allowing witness to answer the question on the ground that same would be self-serving. This objection was overruled, and the witness answered: "He (referring to the defendant, Young) did not pick it up."

We cannot agree with the objection interposed by appellant to this testimony. Appellant was endeavoring in this case to show that appellee had suffered no permanent injury and was in effect feigning, and in answer to such contention appellee was merely attempting to show his acts at a time when there was no excuse for any pretension. The evidence we think was admissible, and it was for the jury to determine its weight.

Counsel for appellee, in making his argument to the jury, said: "Now, opposing counsel attempts to say that it (referring to the compensation that might be paid Young) will come along as long as Gabriel blows his horn, but, gentlemen, that is not it; it could only come for 401 weeks."

Appellant argues that this argument advised the jury of the legal effect of its answer on the question of total permanent incapacity.

It appears from the trial court's qualification that appellant's counsel had argued to the jury that appellee should recover for only six or seven weeks, and that the statement complained of was made in connection with an argument relative to a lump sum settlement.

The cross-action of appellee contains a prayer for recovery for 401 weeks; therefore, that pleading having been read to the jury, the jurors were fully aware of the fact that such a period was covered by the pleadings.

The question as to whether argument is calculated to prejudice the jury is left to the reasonable discretion of the trial court in passing upon the motion for a new trial, and, in the absence of a showing that such discretion has been abused, we would not be justified in setting aside the holding of the trial court. We overrule the assignments raising this question.

The last point raised by appellant is that the trial court erred in overruling its exception to certain hypothetical questions asked by counsel for appellee.

The objection interposed by appellant was that the questions did not properly follow or present the evidence in the case, and nowhere in the objection is it pointed out the particulars in which the question did not follow the evidence.

We think the objection made was too general and indefinite, in that " it failed to point out the particulars in which the question failed to follow the evidence."

Finding no error calling for a reversal of the judgment, it is affirmed.