**HOWARD et al. v. SEARS et al.**

No. 5712.

Court of Civil Appeals of Texas. Amarillo.
June 17, 1946.

Rehearing Denied Sept. 3, 1946.

Sanders, Scott, Saunders & Smith, of Amarillo, and W. H. Russell, of Hereford, for appellants.

James W. Witherspoon and Carl Gilliland, both of Hereford, and Swain Burkett, of Dimmitt, for appellees.

PITTS, Chief Justice.

This is a suit for specific performance of an escrow contract to convey real estate and for damages for the loss of the use of the property or, in the alternative, for damages in a sum equal to the value of the premises if the count for specific performance be denied.

Thomas F. Howard sued J. H. Sears, Dewitt Matthews, Roy L. Roots, and Hereford Potato Growers Association, Inc., alleging that he, Matthews, and Roots formed a partnership and entered into an agreement with Sears to purchase a tract of land, being a part of Block No. 92 situated in Hereford, Texas, for a consideration of $2000 payable $500 in cash and $1500 to be evidenced by an instalment vendor's lien note with a deed of trust executed to secure the payments thereof; that on May 29, 1943, Sears, joined by his wife, executed the deed and on the same day he drew a check for $500 on his personal account as the cash payment and he, Matthews, and Roots executed the note and deed of trust; that all the papers were placed with, and held by, James W. Witherspoon as an escrow agent pending the procuring of an abstract of title by Sears including the release of a lien against the property; that he immediately went into possession of the land and placed certain improvements thereon; that prior to his placing the improvements on the land he, Matthews, and Roots dissolved their partnership and he acquired all the interest in the property owned by Matthews and Roots and personally furnished all the money for making the improvements that were made by him on the land and Matthews and Roots never furnished any money to acquire or improve the land; that although he had demanded the delivery of the abstract and deed and had offered to perform himself, Sears refused to procure the release of the lien against the land, furnish abstract of title, and deliver the deed but on April 10, 1944, Sears conveyed the said land with improvements thereon to Hereford Potato Growers Association, Inc., which had full knowledge of his (Howard's) rights in the premises when it bought the property, and its rights were subordinate and inferior to his rights.

Defendants, Sears and Hereford Potato Growers Association, Inc., answered with general denials and alleged that although Hereford Potato Growers Association knew nothing of Howard's claims to the property at the time it bought the same, it had since learned of his claims, and both defendants pleaded, in effect, that plaintiff Howard had been unable to perform and had failed to perform according to the terms of the escrow agreement in the purchase of the land in question and had requested Sears to have the deed destroyed and not delivered; that the trade agreement at the request of Howard had been called off, canceled, and rescinded and on April 4, 1944, another contract was entered into in writing by the plaintiff Howard and defendant Sears whereby Sears traded certain described cattle to Howard for the improvements placed by Howard on the land in question and that by mutual agreement Sears repossessed the land before the same was sold by him to Hereford Potato Growers Association, Inc.

Defendant Roots answered joining issues with plaintiff Howard and pleaded a cross action against him but judgment was rendered against Roots on his cross action as a result of a jury finding that Howard was not indebted to Roots in any sum, from which part of the judgment no appeal was perfected to this Court.

■ Defendant, Dewitt Matthews, was cited by publication and the trial court appointed Honorable W. H. Russell attorney and guardian ad litem to represent him. This defendant filed an answer denying generally all of plaintiff Howard's allegations and praying that plaintiff take nothing against him but that he have judgment against Howard for his costs of suit. He asserted no further claims or rights and offered no evidence. The trial court's judgment gave him all the relief he prayed for, about which no complaint is made by anybody on this appeal. Although, on some theory, he and plaintiff Howard have jointly perfected an appeal to this Court, we feel he should not be heard to complain and the trial court's judgment is therefore affirmed as to defendant Matthews, leaving only the issues as made by the plaintiff Howard and defendants, Sears and Hereford Potato Growers Association, Inc., for us to pass on and the parties will be hereafter referred to as "plaintiff" and "defendants" as they were in the trial court.

In a supplemental pleading plaintiff denied generally defendants' allegations and pleaded that the agreement executed by him and Sears of date April 7, 1944, was "never intended by any of the parties to replace the original escrow agreement"; that the said agreement was made and signed by him because of fraudulent representations made to him by Sears or that the agreement was signed by mutual mistake and that Sears defaulted in performing the terms of the agreement of the parties of date April 7, 1944, all of which was denied by defendants.

The case was tried to a jury which found that the agreement executed by Howard and Sears of date April 7, 1944, was "mutually intended by them to take the place of the escrow agreement of May 29, 1943." The jury further found, in effect, that the instrument of date April 7, 1944, was not signed because of fraud or mutual mistake; that Sears did not default in performing the terms of the agreement of date April 7, 1944; and that Hereford Potato Growers Association did not have notice of Howard's claim to the property when it bought the same, at which time the jury found the value of the lot including the improvements and equipment to be $5750. Although plaintiff did not ask for a peremptory instruction in so far as the record reflects, he moved for judgment non obstante veredicto. The trial court overruled his motion and rendered judgment for the defendants on the findings of the jury, from which plaintiff perfected an appeal to this Court.

■ The record is voluminous and plaintiff presents twenty-three points of error, all of which are contested by defendants. Plaintiff first contends that there could not be a novation or rescission of the original escrow agreement of date May 29, 1943, by the execution of the written agreement executed by him and Sears of date April 7, 1944, because defendants Matthews and Roots, his partners in the escrow agreement, were not parties to the new agreement. Yet, under his pleadings the partnership between him and defendants Matthews and Roots had been dissolved and he had acquired all the interests Matthews and Roots owned in the property in question long prior to the execution of the agreement of date April 7, 1944, and Matthews and Roots had no further interests in the escrow agreement. Howard likewise testified that he dissolved partnership with Matthews and Roots soon after the escrow agreement was made and that he felt they had no interests in the property. Roots litigated his rights in the trial of this case and the jury and the trial court found against him, from which he did not appeal. Matthews did not ask for any affirmative relief and made no claim to any rights to the property and was awarded all he asked for in the trial court. The record reveals that there was no written agreement between the parties who entered into the escrow agreement but the agreement was oral; that Matthews and Roots did not pay anything as a result of said agreement; that the check for $500 put in escrow as a cash payment on the land was the personal check of plaintiff Howard; that the oral escrow agreement was never consummated and no title passed to the land; that Matthews and Roots did some labor for Howard but

finally walked off and left it all with Howard, who says the partnership was dissolved and he acquired their interests. The record further shows that Howard alone went into possession of the land and placed improvements on it at his own expense, claimed it, and tried to sell it on numerous occasions before he executed the agreement of April 7, 1944, with Sears to accept certain cattle in a trade for the improvements he had placed on the land. We think the position plaintiff took in his pleadings and testimony in the trial court that the partnership had terminated and Matthews and Roots had no interest in the property is binding on him and he cannot now take the advantage under the record here of any affirmative claims that defendants Matthews and Roots may have asserted in order to gain a reversal for himself. Such was not his theory upon which the case was tried before the trial court. His theory of the case was submitted to the jury in the trial court and the issues were answered against him.

■ Assuming, however, that the partnership between Howard, Matthews, and Roots had not terminated, as Howard claims, but still existed on April 7, 1944, when Howard and Sears executed the new contract and assuming that Howard did not have permission of his copartners to bind them in the new contract, Howard is bound by his acts and cannot be heard to complain, because the new contract was not signed by Matthews and Roots nor with their approval. 47 C.J. 837, 838, Sec. 300; Leonard v. Cleburne Roller Mills Co., Tex.Com.App., 239 S.W. 605; and Donley v. Ardrey, Tex.Civ.App, 261 S.W. 1059.

■ Plaintiff complains further that the record "conclusively discloses" that Sears fraudulently induced him to sign the agreement of date April 7, 1944, or that it was signed by mutual mistake; that Sears breached it and that there had never been any satisfaction of that agreement such as would "operate as an accord and satisfaction." The jury found against plaintiff on these issues. These matters are questions of fact and in passing on them we shall be mindful of the rule which

requires us to consider the evidence and the inferences to be properly drawn therefrom in the most favorable light to the party who obtained the jury verdict, treating as true the testimony which tends to support the verdict and disregarding that which is to the contrary. Barrick v. Gillette, Tex.Civ.App., 187 S.W.2d 683; Texas Electric Ry. Co. v. Wooten, Tex. Civ.App., 173 S.W.2d 463; and International-Great Northern R. Co. v. Acker, Tex.Civ.App., 128 S.W.2d 506. The testimony concerning the issues about which plaintiff here complains is lengthy but a careful analysis of it reveals that each of the jury findings in support of the issues was controverted but there was at least some evidence of probative force to support each of the jury findings concerning the issues of which plaintiff here complains. In the case of Foley Bros. Dry Goods Co. v. Settegast, Tex.Civ.App., 133 S.W.2d 228, 234, writ refused, it is said:

"The rule is well established in this state that an appellate court will not disturb the findings of a jury on conflicting evidence where there is some evidence to support their verdict, unless the verdict is so overwhelmingly against it as to shock the conscience or show clearly that the conclusion reached was wrong or was the result of some passion, prejudice or improper motive."

Many cases are there cited in support of such rule. Applying that rule to the instant case, we believe both plaintiff and this Court are bound by the jury findings concerning the hereinabove issues about which plaintiff complains and his points of error complaining about them are overruled.

■■ On the question of "accord and satisfaction" the record reveals that Sears agreed to deliver to Howard certain cattle of the value of $6000 together with the cancellation of a debt Howard owed Sears in the sum of $2600, making a total of $8600, in payment for the improvements Howard had placed on the land in question but the record shows that there were debts in the total sum of $1358 outstanding against the improvements Howard had placed on the land and it was admitted by Howard that these debts had not been paid

although the contract and the inventories attached thereto and made a part thereof provide that Howard shall pay such debts. The record shows that Sears was ready, willing, and able to deliver the cattle free of any mortgage lien to Howard when the outstanding debts against the improvements had been paid by Howard as provided for in the contract. So the contract executed by Howard and Sears of date April 7, 1944, which the jury found was intended to take the place of the escrow agreement of date May 29, 1943, had not been consummated and nobody has asked for any relief under its terms. And, although the jury found Sears had not breached the terms of the contract in the failure to deliver the cattle to Howard, we feel that the terms of the contract do not require a delivery of the cattle until Howard has paid the outstanding indebtedness in the sum of $1358 against the improvements he placed on the land. Then plaintiff's fifteenth, sixteenth, and seventeenth points of error, complaining because the trial court admitted oral testimony to the effect that the term "at Hereford," recited in the contract as the place for the delivery of the cattle, included the loading pens at the Bippus place five miles from Hereford, are immaterial assignments of error since plaintiff admits he has not paid the outstanding indebtedness against the improvements and the terms of the contract with the inventories attached do not call for a delivery of the cattle at any place until such indebtedness has been paid. Such points or assignments of error are therefore overruled.

In his eighteenth point of error plaintiff complains that the trial court erred in overruling his motion to declare a mistrial because of improper argument by counsel for defendant. The record reveals that it took several days to try the case in the trial court and all issues were strenuously contested. The statement of facts reveals a large part of the argument of counsel was taken by the court reporter. Plaintiff's counsel gives as a background for his point of error a part of the argument made by the Honorable Swain Burkett found on pages 382 and 383 but predicates his point on argument given as reflected on pages 384 and 385 where we find Mr. Burkett said:

"That completes the matter. I think you should protect the Hereford Potato Growers' Association, Inc., in their possession, on issue No. 14 and No. 4.

"Mr. Smith: We object to: he (Burkett) 'thinks the jury should protect the Hereford Potato Growers' Association, Inc., in their rights'. That is a direct appeal to the jury to go and render a verdict that will be absolute and enter a judgment for the Hereford Potato Growers' Association, Incorporated, and we request that the Court declare a mistrial.

"The Court: I will refuse your motion for a mistrial, but will sustain your objection and instruct the jury not to consider the remarks of Counsel for any purpose,—that the jury should protect the rights of the Hereford Potato Growers' Association, Inc.,—and the jury will not consider that for any purpose whatsoever."

Counsel did not advise the jury whether to answer the issues in question in the affirmative or negative but urged it to protect the interest of his client. The trial court immediately instructed the jury not to consider the remarks of Mr. Burkett for any purpose and it is presumed that the jury obeyed that instruction. It has been held that, unless it clearly appears that the argument of counsel under such circumstances is so inflammatory as to prejudice the rights of the complaining party and that the trial court abused its sound discretion in failing to so hold, an appellate court will not disturb the holding of the trial court. Emberlin v. Wichita Falls, R. & Ft. W. Ry. Co., Tex.Com.App., 284 S.W. 539; Employers' Liability Assur. Corporation v. Young, Tex.Civ.App., 34 S.W.2d 622; 41 Tex.Jur. 819, Sec. 86, and other authorities there cited. We believe that if such argument was improper it was corrected by the trial court and if such was error it was a harmless error. The point is therefore overruled.

Plaintiff's point of error number nineteen complains that the trial court erred in reprimanding counsel for plaintiff in the presence of the jury. The record reveals that while plaintiff Howard

was being examined as a witness on direct examination his counsel asked him about a conversation had between plaintiff and a Mr. Barrett. Objection was made by opposing counsel that such testimony would be hearsay and the trial court sustained the objection. Counsel for plaintiff then asked if the trial court would permit the testimony with reference to the conversation between plaintiff and Mr. Barrett with the understanding that counsel would later prove that Mr. Barrett was a director of defendant, Hereford Potato Growers Association. The trial court said he did not see the admissibility of it. Counsel for plaintiff then proceeded at some length to tell the trial court something of the nature of the conversation between plaintiff and Barrett and said he wanted to show a "combination on the part of the Hereford Potato Growers Association to get that property at the lowest price possible." Counsel for defendant objected to the remarks of counsel for plaintiff as being inflammatory and moved that they be stricken and counsel for plaintiff be reprimanded and a mistrial be declared. In the meantime various objections had been made by various attorneys representing defendants, some of which had been sustained and some overruled. The trial court said: "I will instruct the jury not to consider the remarks of counsel for either side, as to what the testimony is or what they might prove by any witness. I have instructed the jury about that before and the jury will not consider it." Counsel for defendant then said: "The court understands the full effect of our motion" and the trial court then further stated: "I am requesting counsel for all parties, at this time, to thoroughly refrain from discussing testimony as Mr. Smith has just done; and I reprimand Mr. Smith for making those remarks." The trial court then overruled defendant's motion for a mistrial and Mr. Smith, counsel for plaintiff, said: "We object to the court reprimanding me before this jury, under the circumstances and the record in this case; and request that the court declare a mistrial." The trial court overruled the motion for a mistrial and advised the parties to continue. Counsel for plaintiff said, "We

except." It appears that the trial then calmly proceeded. It further appears to us that the trial court was careful to direct counsel for all parties to refrain from discussing testimony in the presence of the jury and instructed the jury not to consider any remarks of counsel for either side about what the testimony did or would show, which apparently amounted to a reproval of all the attorneys. We believe the reprimand of the trial court of counsel for plaintiff was a mild one and if it was error at all it was a harmless error and did not prejudice the rights of plaintiff before the jury. Plaintiff's point of error number nineteen is overruled.

Plaintiff complains in points numbers fourteen and twenty that the evidence does not support the jury finding to the effect that Hereford Potato Growers Association did not have notice of Howard's claim to the property when it bought the same and that the trial court erred in refusing to admit as evidence an affidavit embraced in a mechanic's lien of record in Deaf Smith County concerning the interest that Howard claimed in the property. In view of the disposition we have heretofore made of other issues we believe the question of whether or not defendant, Hereford Potato Growers Association, had notice of any claim that plaintiff Howard may have made to the property in question is not material. Plaintiff's points of error numbers fourteen and twenty are therefore overruled.

Plaintiff complains in point number twenty-one that the jury answered certain issues contrary to the uncontroverted evidence in order to accomplish a result favorable to defendants and against plaintiff and that he was deprived of a fair and impartial trial by a jury. We do not believe plaintiff's complaint is borne out by the record. He also complains in point number twenty-two that the trial court erred in refusing to permit defendant Sears to testify that title to cattle could be passed only by a bill of sale. We think the testimony was properly excluded upon objection of opposing counsel since it called for a legal conclusion. Plaintiff finally complains in point number

twenty-one that there is an accumulation of errors in the record disclosing that plaintiff was deprived of a fair and impartial trial by a jury but we do not find such to be the case. We therefore overrule plaintiff's points of error numbers twenty-one, twenty-two, and twenty-three.

We have carefully examined all of the assignments of error and all of the record. We do not find any reversible errors, and the judgment of the trial court is therefore affirmed.