**STANDARD ACC. INS. CO. v. SKIDMORE.**

No. 6451.

Court of Civil Appeals of Texas. Texarkana.

Filed June 9, 1949.

Rehearing Denied June 30, 1949.

Lucian Touchstone, Charles E. Long, Jr., Dallas, for appellant.

G. C. Harris, Greenville, H. D. Garrett, Emory, for appellee.

HALL, Chief Justice.

This is a suit involving the extra-territorial provisions of the Texas Workmen's Compensation Act. Vernon's Ann.Civ.St. art. 8306 et seq. The appellee, Lester L. Skidmore, instituted suit in the District Court of Rains County, Texas, to set aside an award of the Industrial Accident Board and seeking recovery of compensation for disability from injuries allegedly sustained by him while working for the Oklahoma Contracting Company in the State of Arkansas on January 11, 1948. The appellant, Standard Accident Insurance Company, the insurance carrier of the Contracting Company, denied liability on the grounds that appellee was not a Texas employee within the terms of the Compensation Act and that the appellee was not entitled to compensation under the terms of the Texas act.

Trial was before the court without a jury and resulted in judgment for appellee for total disability for a period of fifty weeks and 10% permanent partial disability for three hundred weeks. Credit was given appellant for $240.00 theretofore paid to appellee by it.

By its points one and two appellant asserts that appellee was not a Texas employee sent temporarily or incidentally into Arkansas under the same contract of hire

he had formerly worked under for the Oklahoma Contracting Company in Texas, therefore he was not entitled to recover benefits under the Texas Workmen's Compensation Act.

The facts are that appellee was a workman employed by the Oklahoma Contracting Company to lay pipe lines for various concerns. He was first employed by the company at Winnsboro, Texas, about June 18, 1947, and worked until about July 4, from there he went with the company to Athens, Texas, and worked until the 27th or 28th of August; from Athens he went with the company to Eastland, Texas, and worked a short time there. There was a period of six or seven days between the Eastland and Athens jobs caused by the company's having to move its machinery from one place to the other. From Eastland appellee went with the company to Glenrose, Texas, and from Glenrose to Hillsboro, Texas. After the work was finished at Hillsboro the contracting company went to Humble, Texas, for another pipe-laying job; the appellee did not work for the company on this job, he says he took this time off to move his family to Emory, Texas, where he had formerly lived. Appellee states further that he knew the company was moving to Arkansas to begin work there and that he was told to be in Arkansas to begin work on or about the first of December, 1947. He went to Arkansas, arriving there on November 30, and reported for work at or near Murfreesboro in that state on December 2. Appellee says that he approached his foreman, a Mr. Conder, and asked him what he wanted him to do and Conder told him to get on a truck and go to work; and at the end of the first day's work he signed an application to secure a number and was placed upon the pay roll of the contracting company. Appellee states further that he did the same character of work on the job in Arkansas that he did on the various jobs in Texas, laying pipe lines; that he worked for the same company under the same foreman, received the same pay, and that the pay checks came from the same place, Dallas, Texas. Appellee worked in Arkansas from the 2nd day of December, 1947, until

the 11th day of January, 1948, when he received his alleged injury, the basis of this action. It is appellant's contention in effect that appellee was a new employee of the company on the job in Arkansas and was not protected by Revised Statutes, Art. 8306, Sec. 19, Vernon's Ann.Civ.St. art. 8306, § 19, which is:

"If an employee, who has been hired in this State, sustains injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, and that such employee, though injured out of the State of Texas, shall be entitled to the same rights and remedies as if injured within the State of Texas."

■ Appellee's foreman, Conder, testified that

"I probably told him that if he came up there (to Arkansas) that he could go to work for me."

Continuing, this witness testified:

"Q. They (the men) would report in for the next job? A. Yes, sir, they would find out about it.

"Q. It was generally known to the men that there was a job in Arkansas for some duration? A. Yes, sir.

"Q. For some time before that? A. That was supposed, yes, sir. * * *

"Q. So you went out of Texas into Arkansas to lay pipe line for the Magnolia? A. Yes, sir.

"Q. That was temporary in nature? A. Always temporary.

"Q. The checks the men received over there were also drawn on a Dallas Bank? A. That's right.

"Q. In other words, the men were paid in Arkansas just as they had been paid in Texas? A. Same checks.

"Q. And they were paid the same rate of pay weren't they? A. Yes, sir."

This evidence by the witness Conder directing appellee and others in laying pipe, together with appellee's testimony with respect to his going from one job to another with the contracting company in Texas,

doing same character of work and receiving same pay in Arkansas as in Texas, is sufficient to bring appellee within the terms of the article above set out, and fixes his status as a Texas employee. Fidelity & Casualty Co. of New York v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955; Texas Employers' Ins. Ass'n v. Volek, Tex.Com.App., 69 S.W.2d 33; Employers Mutual Liability Ins. Co. of Wis. v. Evins, Tex.Civ.App., 211 S.W.2d 359 (w/r), and cases there cited. The contract of hire between appellee and the contracting company on the Arkansas job we think was made in Texas, or more correctly stated, it was a continuation of appellee's employment as a common laborer with the company.

By its point three appellant contends that the trial court erred in overruling its plea in abatement and motion to dismiss because the plaintiff had previously elected to recover compensation benefits for his injuries under the Arkansas Compensation Act. Ark.Stats. § 81-1301 et seq. It appears in the record that appellee's employer, Oklahoma Contracting Company, reported to the Arkansas Workmen's Compensation Commission, the fact of plaintiff's injury shortly after it occurred.

The Arkansas Commission took jurisdiction of the claim and made an award to appellee for 12 weeks at $20.00 per week for temporary total disability, which award was paid by appellant. Appellant in the lower court filed its plea in abatement to appellee's suit, alleging that—

"Lester L. Skidmore has heretofore elected to pursue his remedy and has recovered compensation under the Workmen's Compensation Laws of the State of Arkansas for the same identical injury involved herein; that the Arkansas Workmen's Compensation Commission had jurisdiction of said claim filed by the said Lester L. Skidmore, having number Ark. WCC File No. 801372; that the action of the said Skidmore in electing to pursue his remedy and recovering compensation under the Workmen's Compensation Laws of the State of Arkansas in which State the injury in question occurred, is a bar to any recovery herein."

The record herein reflects that appellee did not file a claim with the ▼Arkansas Commission, nor did he authorize any one else to file it for him. There is no showing here that appellee knew of the filing of a claim on his behalf by his employer or the action of the Arkansas Commission thereon until after all of the payments had been made to him. A few days after his injury appellee returned to his home at Emory, Texas, and worked no more for the contracting company. The checks from the insurance carrier were sent to the appellee at his home in Texas from its office in Dallas, Texas, and cashed by him in Texas.

■ Within the time required by law appellee filed his claim with the Texas Industrial Accident Board which board took jurisdiction of his claim and made its award. In the circumstances here, we have concluded that no election is shown on the part of appellee so as to bind him by the Arkansas Commission's award and prevent him from presenting his claim before the Texas Commission. Norwich Union Indemnity Co. v. Wilson, Tex.Civ.App., 43 S.W.2d 473; Associated Indemnity Corp. v. Scott, 5 Cir., 103 F.2d 203, and Texas Authorities there cited. The facts discussed herein, in our opinion, are sufficient to support the judgment of the trial court.

We have carefully examined the other points brought forward by appellant and have concluded they are without merit and they are respectfully overruled.

The judgment of the trial court is affirmed.