## TEXAS EMPLOYERS' INS. ASS'N v. HALE.
### No. 6085.

Court of Civil Appeals of Texas. Amarillo.
June 25, 1951.

Rehearing Denied July 23, 1951.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Ratliff, Conner & Walker, Spur, for appellee.

## PER CURIAM.

This case was previously before this court as reflected by our disposition made of it reported in 237 S.W.2d 769. On May 9, 1951, the Supreme Court, as a result of having granted a writ of error, reversed our judgment and remanded the cause to this court for further consideration, 239 S.W.2d 608. It appeared to us, as previously stated in our former opinion, that the principal question to be determined was whether or not appellee, James Floyd Hale, at the time of his injury in the State of New Mexico, occupied the status of a Texas employee incidentally or temporarily sent out of this State to perform labor or services. It was our conclusion that his employment had terminated before he left Texas and that he was not entitled to employment compensation under the Texas laws by reason of his injury received in the State of New Mexico. Because of these views we reversed the judgment of the trial court and rendered judgment for the insurance company without passing on other assignments of errors presented. The Supreme Court reviewed extensively the law governing the matters presented to it and held the contrary to be true, thus reversing our judgment only as to the matter that had been presented to it and asserted that in its opinion the evidence supported a fact finding to the effect that appellee Hale occupied the status of a Texas employee. The case has been remanded to this court for our observance of the law enunciated by the Supreme Court and for this court to pass on the sufficiency of the evidence and give consideration to · further assignments presented by appellant on the original appeal but not previously passed on by this court by reason of our disposition made of the case otherwise.

For a further statement of the case we refer to our former opinion and to that of the Supreme Court which will doubtless be published before this opinion is released for publication.

Appellant further charges, in effect, that appellee elected to receive compensation under the laws of the State of New Mexico · and for that reason he is precluded from receiving compensation under the laws of Texas. The record does not support appellant's contentions made in that respect and its points of error concerning that matter are overruled.

Appellant further charges that the trial court erred in overruling its motion to send all exhibits introduced in evidence to

the jury room for its use during deliberation. The approved bill of exception relied on by appellant reveals that the exhibits in question consisted of four checks, a draft and a compensation insurance policy introduced in evidence by appellant. The checks and draft were examined by the jurors in the box when introduced. A portion of the insurance policy was read to the jury by appellant's counsel who further explained the policy when it was introduced and further explained to the jury in his argument that the jury may further examine the contents of the policy during its deliberation if it desired so to do. The bill of exception further reveals that the contents of the checks, draft and insurance policy were not controverted but were cumulative evidence of undisputed facts which the jury clearly understood and that such would have been sent to the jury room if it had called for them during its deliberation. The record reveals that the trial court called upon appellant's counsel for authority in support of its motion but none was furnished. The jury did not call for the exhibits during its deliberation and they were never sent to the jury room. It is our opinion that such does not constitute reversible error. Dallas Ry. & Terminal Co. v. Orr, 147 Tex. 383, 215 S.W.2d 862.

Appellant charges that the testimony of Dr. J. F. Hughes should have been stricken from the record and excluded from the jury's consideration because the same was based in part upon subjective symptoms obtained by examination of appellee Hale for the purpose of testifying and not for the purpose of treatment. The record does not support appellant's contentions here made. The evidence reveals that Doctor Hughes examined appellee on account of his injury soon after it was received and treated appellee for such for some weeks and found from his own examination of appellee existing conditions upon which he based his testimony, which was corroborated by other evidence in the record. It was not error therefore to overrule appellant's motion to strike and exclude the testimony of Doctor Hughes concerning appellee's injury. Texas Employ-

ers' Ins. Ass'n v. Wells, Tex.Civ.App., 207 S.W.2d 693; United Employers Casualty Co. v. Bezdek, Tex.Civ.App., 146 S.W.2d 473; Traders & General Ins. Co. v. Burns, Tex.Civ.App., 118 S.W.2d 391; Texas Employers Ins. Ass'n v. Ebers, Tex.Civ.App., 134 S.W.2d 797. (The last case cited reversed for other reasons.)

Appellant charges error because the trial court excluded the testimony on cross-examination of appellee Hale to the effect that he did not serve in the Armed Forces during World War II. It is our opinion that such was not error inasmuch as such testimony was immaterial and did not help to solve any issue in the case. Appellant further charges that a remark made by the trial court in the presence of the jury concerning the exclusion of appellee's testimony about his failure to serve in World War II constituted reversible error. The said remark made by the trial court was as follows: "These gentlemen know if a man was subject to a draft call he would have been called. I don't know what the conditions were he wasn't". Immediately following such remark appellant's counsel objected to it on the grounds that it constituted a comment on the weight of the evidence. The court had previously just excluded the evidence in question from the jury's consideration and it likewise instructed the jury in connection therewith not to consider the said remark made by the court. It is our opinion that no harmful error has been shown by the trial court's remark. It is presumed that the jury observed the instructions given it by the trial court and did not consider any of the matters that had been excluded by the court's instructions. McLean v. McCollum, Tex. Civ.App., 209 S.W.2d 959; Howard v. Sears, Tex.Civ.App., 196 S.W.2d 105.

Appellant further contends that it was entitled to a mistrial as a result of prejudicial argument made by appellee's counsel in his closing argument made before the jury notwithstanding the fact that appellant's objections to such argument were sustained and the trial court instructed the jury not to consider the same. The matters are all set forth in an approved

bill of exception too lengthy to be here incorporated. A careful examination of the matters set forth in the bill of exception reveals that appellee's counsel in his argument was discussing the facts reflected by the face of a check which had been introduced in evidence by appellant and he started to make a statement, in reply to argument previously made before the jury by appellant's counsel, concerning an insurance company when he was interrupted by an objection made by appellant's counsel and the trial court sustained the objection and at the request of appellant's counsel instructed the jury not to consider the remarks of appellee's counsel which remarks had not been completed by appellee's counsel (he had only said "I don't know why insurance companies do things the way"—when he was interrupted). Further objections were made and sustained by the trial court concerning further argument made by appellee's counsel. However, a careful examination of the matters reflected by the bill of exception, including the qualifications therein made by the trial court, reveals that appellee's counsel did no more in the argument about which appellant complains than to make reasonable deductions from the evidence heard and to reply to the argument previously made by appellant's counsel concerning the same check received by appellee from a New Mexico compensation insurance company known in the record as Employers Casualty Company. It is our opinion that appellee's counsel had a right to draw from the facts in evidence every legitimate inference deducible and to reply to the argument previously made by his adversary. Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054; and Texas Employers Ins. Ass'n v. Wells, supra. It is our opinion that no error has been shown, but, if error has been shown, such was invited by the previous argument of appellant's counsel and this fact, together with the instructions of the trial court not to consider the same, eliminate the possibility of any reversible error.

Further assignments of error have been finally disposed of by the action of the Supreme Court as heretofore related. It is our opinion that there is sufficient evidence of probative force to support the jury's findings concerning appellee's total and permanent incapacity as a result of his injury received while in the course of his employment on July 10, 1949.

In observance of the principles of law enunciated by the Supreme Court heretofore mentioned, together with our own findings and conclusions concerning additional matters not before the Supreme Court for its consideration, we overrule all assignments of error here passed on by us for the reasons heretofore stated and affirm the judgment of the trial court.