**ARROW DRILLING COMPANY,**
Appellant,

v.

**Richard T. BROOKS and Bituminous Casualty Corporation, Appellee.**

No. 19299.

United States Court of Appeals
Fifth Circuit.

May 25, 1962.

---

Otto Atchley, Victor Hlavinka, Atchley, Russell, Hutchinson & Waldrop, Texarkana, Tex., for appellant.

Franklin Jones, Sr., Marshall, Tex., L. L. Lockard, Shreveport, La., Larry Oubre, Dallas, Tex., Franklin Jones, Jr., Marshall, Tex. (Jones, Brian & Jones, Marshall, Tex., of counsel), for appellees.

Before TUTTLE, Chief Judge, and HUTCHESON and WISDOM, Circuit Judges.

PER CURIAM.

This is an appeal from a verdict and judgment for plaintiff in a suit for personal injuries received in Texas by appellee, as the employee of Griggs Casing Crews Co., Inc., a sub-contractor of appellant, the drilling contractor.

The grounds of negligence alleged were: (1) furnishing unsafe equipment used in the work performed by the Griggs crew; (2) employing a method of work which was unsafe; and (3) arranging the derrick and its appurtenances so as to cause a condition of danger and hazard.

In addition to these specific allegations of negligence, there was a general claim of negligence based upon res ipsa loquitur.

The defendant denied generally and pleaded contributory negligence and voluntary assumption of risk. In addition to these defenses, the defendant relied below and relies here upon two affirmative defenses styled First Defense-A and First Defense-B. These defenses in effect were a plea of res judicata based upon a judgment for compensation obtained by appellee in Louisiana and under its laws against Griggs Casing Crews, Inc. and its compensation carrier in Louisiana, and the claim that under Louisiana Workmen's Compensation laws it was a statutory employer of appellee, liable solidarily with Griggs Casing Crews, Inc. for injuries suffered by plaintiff; and the compensation judgment was a bar to this suit against defendant.

The district judge, on a full hearing, struck these defenses on the ground that there was no final judgment in the Louisiana case. The cause was submitted to the jury, a verdict for plaintiff resulting; and defendant is here attacking the submission of the cause to the jury and the verdict as unsupported by the evidence, and, in addition, insisting: that defendant's defenses A and B should have been sustained, and a verdict for defendant should have been directed on the defense of voluntary assumption of risk.

Appellee vigorously contests defendant's claim on its special defenses A & B on the ground (1) that the district judge correctly held that the judgment in Louisiana disposing of plaintiff's workmen's compensation insurance was not shown to be a final judgment; and (2) that in no event could the Louisiana judgment for workmen's compensation insurance deprive appellee-plaintiff of his right to bring a third party action for damages in Texas under the express authority of its compensation act. Appellee further insists that there was ample testimony to sustain the jury's finding in favor of plaintiff-appellee on the assumed risk issue and the defendant's motion for directed verdict was therefore properly denied.

The special defenses aside, we think it clear that the case was one for a jury verdict and that the defendant's insistence that a verdict for defendant

should have been directed on the ground that plaintiff, as matter of law, assumed the risk of injury is without sound basis. The issue was submitted to the jury on evidence which made it a jury issue, and the jury found for plaintiff.

As to the special defenses, based on the compensation award in Louisiana, we agree with appellee and the district judge that when the plea of estoppel and res judicata was disposed of by the judge, there was no final judgment in the cause, and the district judge was, therefore, right in rejecting the special defenses. We, therefore, find it unnecessary to inquire into and determine whether, as urged by defendant, if there had been a final judgment in the compensation suit, it would have been a bar to the Texas action.

The judgment is

Affirmed.