TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

Merritt MILLER, Appellee.

No. 7451.

Court of Civil Appeals of Texas.

Texarkana.

June 11, 1963.

Rehearing Denied July 23, 1963.

Herbert Boyland, Kenley, Ritter & Boyland, Longview, for appellant.

Ruff Wall, Fred Whitaker, Carthage, L. W. Anderson, Harris, Anderson, Henley & Rhodes, Dallas, for appellee.

FANNING, Justice.

This is a workmen's compensation insurance case. The judgment of the trial court is affirmed.

Merritt Miller, alleging he was a Texas employee of W. T. Pipes, working temporarily in Louisiana, sued Texas Employers Insurance Association, the Texas carrier of Pipes' workmen's compensation insurance, alleging he received accidental personal injuries in Louisiana during the course of his employment with his employer, and sought compensation benefits under the extra-territorial provisions of Art. 8306, Sec. 19, Vernon's Ann.Civ.St. Trial was to a jury, and the trial court thereafter granted plaintiff's motion to disregard the answers to certain issues and entered a judgment for plaintiff based upon the answers of the jury to the remaining special issues. The judgment was a monetary judgment for total and permanent disability, with however the court crediting the judgment with the sum of $2520.00, which represented weekly compensation benefits paid to appellee Miller by Argonaut Insurance Company, the Louisiana carrier of Pipes' workmen's compensation insurance. Texas Employers Insurance Association has appealed.

Appellant by its 1st and 2nd points contends to the effect that (1) "The undisputed evidence established", and (2) "The evidence failed to establish" as a matter of law, that at the time of his injury, plaintiff was covered under the extra-territorial provisions of the Workmen's Compensation Act of the State of Texas. By its 3rd point appellant contends that the evidence was insufficient to establish that plaintiff at the time of his injury was covered under the extra-territorial provisions of such Act. By its 4th point appellant contends that the trial court erred in failing to submit issues

to the jury inquiring if plaintiff was hired in the State of Texas to perform work in the State of Texas and temporarily sent out of the State. By its 5th point appellant contends that the trial court erred in failing to submit issues to the jury inquiring if the work in which plaintiff was engaged at the time of his injury in Louisiana was work which he had been hired to do in the State of Texas prior to having been sent out of the State.

Art. 8306, Sec. 19, V.A.C.S., reads in part as follows:

"If an employee, who has been hired in this State, sustain injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, * * *.

"Providing that such injury shall have occurred within one year from the date such injured employee leaves this State; and provided, further, that no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the state where such injury occurred."

Plaintiff testified that he had been working for Pipes, his employer, for approximately two years prior to the accident, and that he was hired by his employer in Panola County, Texas. Mr. Pipes, the employer, also testified to the above facts. It is thus undisputed that plaintiff was originally hired in Texas and worked for his employer about two years prior to the accident.

It is also undisputed that plaintiff was injured in the State of Louisiana, within less than one year from the date plaintiff left the State of Texas. In this respect plaintiff testified that he had been working in Louisiana about two weeks before his injury, and before that time had been working in Texas. Mr. Pipes, the employer, also testified to the effect that plaintiff had

been working in Louisiana approximately two or three weeks prior to the injury and before that time had been working in Texas.

As we understand appellant's contentions, it among other things, contends to the effect that plaintiff was hired in Texas as a mechanic and hired in Louisiana as a woods foreman, and was therefore hired in Texas to do one job and hired in Louisiana to do another job, and therefore plaintiff could not recover under the extra-territorial provisions of the Texas Workmen's Compensation Act. It is our view that this contention is not well taken under material undisputed evidence in the record. Mr. Pipes, the employer, was engaged in the pulpwood business and as such, bought various tracts of timber which were cut and hauled to a mill, and that these tracts of timber would be located both in Panola County, Texas, and in Louisiana. The testimony further showed that although plaintiff had been working for Pipes for a period of approximately two years, and had originally been hired as a mechanic, plaintiff for approximately six months prior to his injury had been doing work for his employer both as a mechanic and as a woods foreman, and that plaintiff's work called for him to go to Louisiana sometimes as much as two or three times a week. It seems apparent that plaintiff's work as a woods foreman was not on a regular basis, as the work there done was where the wood was being cut, whether it was in Texas or in Louisiana, and that plaintiff mainly worked as a mechanic. In fact plaintiff, having been hired originally as a mechanic, later did both mechanic work and work as a woods foreman, and at the time of his injury in Louisiana was peforming work both as a mechanic and woods foreman. We quote from plaintiff's testimony in this respect as follows:

"Q. How come you to be over in Louisiana?

"A. I went down there to fix one of his trucks.

"Q. Was the truck broke down or something?

"A. Yes.

\*    \*    \*    \*    \*    \*

"Q. And how long before you got hurt was it?

"A. About 2 days I guess it was.

"Q. Two days before?  Same deal, truck broke down?

"A. No, axle broke in a different truck.

"Q. Sir?

"A. Axle broke in another truck.

\*    \*    \*    \*    \*    \*

"Q. Tell me how you got hurt now please sir?

"A. Well, I was out there in the woods and got the truck fixed and was messing around helping the boys out there and there was this tree lodged. Lodged early that morning and I started to cut the tree it was lodged on and had it down where they could get by with the truck and I cut, oh, I'd say maybe 2 inches or 3 and it broke.  Split and I don't know what happened then. Happened so fast I don't know."

■■    The extra-territorial provision of the Texas Workmen's Compensation Act is mainly to protect Texas employees temporarily out of the State of Texas, whose employment takes them periodically out of the State.  It is also well established that the Workmen's Compensation Act should be liberally construed in order to effectuate the beneficent purposes for which it was enacted.  See Traders & General Insurance Company v. Collins, Tex.Civ.App., 321 S. W.2d 178, wr. ref., n. r. e., and authorities therein cited.

In Traders & General Insurance Company v. Collins, supra, the facts are some-

what similar in that the deceased employee there spent approximately 75% of his time working in Texas and the other 25% working outside of the State, and as a traveling salesman he would go back and forth to various portions of Texas and Oklahoma, and into parts of Kansas and New Mexico. The court held that even though the deceased employee made his residence in Tulsa, Oklahoma, nevertheless he was hired in Texas, was a Texas employee, and although killed in Oklahoma, under the facts in said case, benefits were recoverable under the Workmen's Compensation Act of Texas.

█ Under the material undisputed evidence in the cause we hold that the trial court was correct in holding as a matter of law that the plaintiff was entitled to recover under the extra-territorial provisions of the Workmen's Compensation Act of Texas. See the following authorities: Texas Employers' Ins. Ass'n v. Volek, Tex.Com.App., 69 S.W.2d 33, certiorari denied 293 U.S. 598, 55 S.Ct. 116, 79 L.Ed. 691; Fidelity & Casualty Co. of New York v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955; Texas Employers' Ins. Ass'n v. Robertson, Tex.Civ. App., 137 S.W.2d 836, err. dism., judg. cor.; Employers Mutual Liability Ins. Co. of Wisconsin v. Evins, Tex.Civ.App., 211 S.W. 2d 359, wr. ref.; Traders & General Ins. Co. v. Collins, Tex.Civ.App., 321 S.W.2d 178, wr. ref., n. r. e. Appellant's points 1 through 5, inc., are overruled.

By its 6th, 7th and 8th points appellant contends to the effect that the trial court

erred in ignoring the findings of the jury that plaintiff had received workmen's compensation benefits in Louisiana, and had elected to pursue his remedy in Louisiana, and in entering judgment for plaintiff notwithstanding such findings, and in holding as a matter of law that plaintiff had not made an election to pursue his remedy for workmen's compensation benefits in Louisiana.

The record shows that appellee Miller was injured in Louisiana on October 27, 1958; on Nov. 24, 1958, Miller filed notice of injury and claim with the Industrial Accident Board of Texas, listing the insurance carrier as Boucher & Slack Insurance Service, Springhill, Louisiana, his amended notice and claim of May 4, 1960, listed the insurance carrier as Argonaut Insurance Company, Dallas, Texas. Later after Miller employed an attorney he amended his claim to show Texas Employers Insurance Association as the insurance carrier.

In December, 1958, Argonaut Insurance Company voluntarily commenced the payment of weekly workmen's compensation benefits to Miller, and thereafter paid to him the total sum of $2520.00, and in addition thereto furnished certain medical benefits to Miller by paying certain doctor's bills. On Jan. 23, 1959, an agent or adjuster of Texas Employers Insurance Association, who did not testify in the case, secured a written statement from appellee Miller found below,[1] for which statement Miller was not paid any consideration by

1. "My name is Merritt Miller, age 49 male, married, and of the white race. My address is Route 1, DeBerry, Texas. On October 27, 1958, I was working for W. T. Pipes when a tree fell on me, injuring my back. I was working about 8 miles east of Logansport, Louisiana, in DeSoto Parish, Louisiana. I am being paid Workmen's Compensation Benefits under the Louisiana Law at the present time. I have elected to come under the Louisiana Law, if I have a choice. I am not making a claim for Workmen's Compensation in Texas. The Notice of Injury and Claim for Compensation dated November 24, 1958, and sent to the Industrial Accident Board of the State of Texas was sent in error. I am making claim for Louisiana Workmen's Compensation benefits and am receiving compensation benefits under the Louisiana Law; but I am not making claim under the Texas Workmen's Compensation Act for injuries received on October 27, 1958. "/s/ I have read the above and it is true.

"I have read the above and it is true.

"/s/ Merritt Miller
"Merritt Miller

"/s/ Lillie Miller
"Witness"

Texas Employers, and which statement was filed with the Industrial Accident Board of Texas by appellant insurance company. Appellee Miller testified to the effect that he signed the statement without knowing the contents of same, without reading same, along with some other papers, not knowing the purpose or meaning of the statement, without knowing anything about electing to come under Louisiana law, and to collect against Argonaut Insurance Company, that he only had a fourth grade education and did not understand defendant's exhibit 4 (the statement), that he never knew two insurance companies were involved until he was advised later by his attorney, and was not represented by an attorney when appellant's adjuster secured such statement. The adjusters of Argonaut also admitted that they never explained in any manner to Miller the question of election under the State of Louisiana or Texas. The testimony of plaintiff Miller in this respect was not disputed by the agent or adjuster of appellant, as said agent or adjuster never testified in the cause. The statement taken by the adjuster from Miller also contains the following phrase: "if I have a choice".

Appellee in his brief after discussing the evidence with respect to the question of election states as follows: "From the reading of the above evidence, it is apparent that the plaintiff with a fourth grade education and not being represented by an attorney doesn't even know the meaning of the word 'election', and could not in any way be bound by the legal conclusions made in such statement, which was without consideration in any way by Texas Employers' Insurance Association." Appellee in his brief takes the position (1) that plaintiff did not make an election and (2) if he did make an election it was not so binding upon him so as to prevent him from recovering under the extra-territorial provisions of the Texas Act. In connection with the appellee's argument (2) supra, appellee takes the position that the compensation payments made by Argonaut to Miller were voluntary payments and not compelled by any court action in Louisiana, and that Louisiana does not have any administrative agency to handle workmen's compensation claims, but in Louisiana such claims are decided in court, and that there was no final adjudication or final settlement of appellee's claim against Argonaut in the State of Louisiana under Louisiana law. There is no evidence in the record that appellee ever secured a final adjudication in court of any claim in Louisiana (or even filed a suit in Louisiana), or that he ever made any final settlement with Argonaut in any manner. In fact the evidence is to the contrary.

■ The doctrine of election of remedies is not a favorite of equity, and it has been said "[I]t is a harsh, and now largely obsolete rule, the scope of which should not be extended." Lance v. City of Mission, Tex.Civ.App., 273 S.W.2d 950, wr. ref., n.r.e.; Slay v. Burnett Trust Company, 143 Tex. 621, 187 S.W.2d 377; Bandy v. Cates, 44 Tex.Civ.App. 38, 97 S.W. 710, er. ref.; Poe v. Continental Oil & Cotton Co., Tex. Com.App., 39 S.W.2d 599, 77 A.L.R. 1466.

In Lance v. City of Mission, supra, (273 S.W.2d 950) it was stated in part as follows:

"Defendants have not suffered any detriment as a result of the institution of the two suits by plaintiff, nor has plaintiff benefitted at the expense of defendants. * * *

"We * * * conclude that appellant is not estopped to have a trial of his present case by the filing of the Spikes suit on which no trial was had and which was dismissed prior to the entry of the judgment complained of."

Full discussions of the law pertaining to election of remedies and rights thereunder are contained in the above referred to cases,

and no useful purpose could be served in restating same.

Among the cases cited by appellee in support of his argument (1) supra, that under the material undisputed facts in this cause plaintiff did not elect to proceed under the Louisiana Law are the following: Leonard v. Hare, 161 Tex. 28, 336 S.W.2d 619; Carter v. Ferris, Tex.Civ.App., 337 S.W.2d 852, wr. ref., n. r. e.; Calbeck v. Travelers Insurance Company, 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368; Standard Accident Insurance Company v. Skidmore, Tex.Civ. App., 222 S.W.2d 344, wr. ref.; Norwich Union Indemnity Co. v. Wilson, Tex.Civ. App., 43 S.W.2d 473; Texas Employers' Ins. Ass'n v. Hale, Tex.Civ.App., 242 S.W. 2d 796. Also in this connection see Associated Indemnity Corporation v. Scott (5th Circuit), 103 F.2d 203, which held that under the facts in that case the receiving of certain weekly compensation payments under the Louisiana law did not constitute an election which prevented a plaintiff from recovering under the extra-territorial benefits of the Workmen's Compensation Act of Texas; this case was cited with approval in the Skidmore case, supra (222 S.W.2d 344) and the Supreme Court of Texas refused outright an application for writ of error in the Skidmore case.

Among the cases cited by appellee in support of his argument (2), supra, that since there was no final adjudication made of plaintiff's claim under Louisiana law, and no final settlement of his claim was made with Argonaut under the laws of Louisiana that no binding election (if any) was made by appellee which would prevent him from recovering under the extra-territorial benefits of the Workmen's Compensation Law of the State of Texas, are the following: Arrow Drilling Company v. Brooks, (5th Circuit), 303 F.2d 590; Industrial Commission v. McCartain, 330 U. S. 622, 627–630, 67 S.Ct. 886, 91 L.Ed. 1140; Tucker v. Texas Company (5th Circuit) 203 F.2d 918 (a case dealing with a Texas employee temporarily working in Louisi-

ana); Associated Indemnity Company v. Scott, supra, (103 F.2d 203).

■ Language relied upon by appellee in the case of Travelers Insurance Company v. Cason, 132 Tex. 393, 124 S.W.2d 321, wherein the court discusses the James case, James v. Texas Employers Ins. Ass'n, Tex.Civ.App., 98 S.W.2d 425; 131 Tex. 605, 118 S.W.2d 293, is clearly distinguishable from the case at bar by the following language in the court's opinion:

"We think it is proper for us to here state that in our opinion we entered a correct judgment in the James case, because, under the undisputed facts of that case, James elected to claim compensation under the compensation laws of Pennsylvania, *and settled in full with the Pennsylvania compensation insurance carrier under, and in compliance with, the laws of that State.*" (Emphasis added)

It thus appears that under the James case that James elected to claim compensation under the laws of Pennsylvania and settled in full in compliance with the laws of Pennsylvania. In the case at bar Miller did not settle in full with Argonaut, filed no suit in Louisiana, and there was no final adjudication or final settlement of appellee's claim in Louisiana. Also the $2520.00 weekly installments paid Miller voluntarily by Argonaut were deducted from the judgment that appellee secured against Texas Employers. The $2520.00 paid by Argonaut to Miller was in no wise a detriment to Texas Employers, but benefited Texas Employers to the extent of $2520.00, which was deducted from the judgment. Furthermore, Texas Employers paid no consideration to Miller for the execution of the "election" statement it secured from Miller, (which election statement contained certain legal conclusions) and no benefits whatever were paid by Texas Employers to Miller on his claim.

After carefully considering the matter it is our best judgment that under the rec-

ord in this cause no binding election (if any) was made by appellee which would prevent him from recovering under the extra-territorial benefits of the Workmen's Compensation Law of the State of Texas. Appellant's 6th, 7th and 8th points with respect to questions relating to "election" are overruled.

Appellant's remaining points are respectfully overruled.

The judgment of the trial court is affirmed.