## LOVELESS

v.

## TEXAS EMPLOYERS INS. ASS'N.

No. 10228.

Court of Civil Appeals of Texas.

Austin.

May 26, 1954.

Rehearing Denied June 23, 1954.

John W. Laird, Austin, for appellant.

Wood & Clopton, Austin, for appellee.

HUGHES, Justice.

This is a workmen's compensation case in which the single question presented is whether the employee, appellant A. W. Loveless, has, under the facts and circumstances hereinafter stated, elected to proceed against a third party so as to be barred from claiming compensation from appellee, Texas Employers Insurance Association, the compensation insurance carrier for appellant's employer.

The statute principally involved is Sec. 6a, Art. 8307, Vernon's Annotated Civil Statutes, which reads:

"Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employe may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employe or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employe in so far as may be necessary and may enforce in the name of the injured employe or of his legal beneficiaries or in its own name and for the joint use and benefit of said employe or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by

the association to the employe or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employe or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employe or his beneficiaries and the approval of the board, upon a hearing thereof."

Appellant, a resident of Oklahoma, was injured in Travis County on September 3, 1951. He was then an employee of Loveless Roofing Company, owned by T. R. Loveless. At the time of his injury appellant, in the course of his employment, was riding in a car driven by his brother, Noble F. Loveless.

On the night of the accident Noble F. Loveless informed T. R. Loveless of the accident and of the injuries sustained by appellant.

A few weeks later appellant "asked T. R. Loveless if he carried any kind of compensation insurance that would pay him for his injuries and pay his medical expenses (and) T. R. Loveless informed him that he did not carry such insurance on his roofing company and advised affiant to file suit against Noble F. Loveless under an automobile liability policy."

Upon returning to Oklahoma and after seeking legal advice based upon the nonexistence of workmen's compensation insurance, appellant in February 1952 filed suit against Noble F. Loveless in Oklahoma.

In June 1952 appellant for the first time learned that T. R. Loveless did carry workmen's compensation insurance and on June 20, 1952, he filed his claim with the Industrial Accident Board in Austin. On July 17, 1952, the Oklahoma suit against Noble F. Loveless was dismissed by appellant "without prejudice to a future action."

By the institution and dismissal of such suit no advantage was gained by appellant and no detriment suffered by appellee and no innocent third party is involved.

In our opinion no election is shown and the trial court erred in granting appellee's motion for summary judgment.

No authority need be cited in support of the universally accepted rule of law and rule of reason that before one can be said to have elected which course he will pursue he must have knowledge or means of knowledge or be legally charged with knowledge that more than one course is open to him.

Appellant here inquired of the one person in the world who should best know whether he was protected by workmen's compensation insurance, his employer. There are no circumstances shown here which give ground for appellant to have questioned the negative answer which he received to the inquiry made of his employer.

It is correct, as appellee points out, that Sec. 3c, Art. 8306, V.A.C.S., provides that after the Industrial Accident Board has received notice from an employer that he has become a subscriber under the Workmen's Compensation Act that "all employes of said subscriber then and thereafter employed, shall be conclusively deemed to have notice of the fact that such subscriber has provided with the association for the payment of compensation under this law."

Appellee also correctly cites Zurich General Accident & Fidelity Ins. Co., v. Walker, Tex.Com.App., 35 S.W.2d 115 as holding that absence of actual knowledge that one's employer has become a subscriber under the Workmen's Compensation Act is not "good cause" for failure to bring suit within the time required by such Act.

Section 3c and such decision do not apply, however, and do not preclude the finding of "good cause" when an employer in response to a timely inquiry by an employee informs him that he is not a subscriber under the Act. New Amsterdam Casualty

456

Company v. Chamness, Tex.Civ.App., Eastland, 63 S.W.2d 1058, per Hickman, C. J., writ of error refused.

 If the constructive notice provided for in Sec. 3c is ineffective in the face of actual notice to the contrary on the question of "good cause" as held in Amsterdam, we are of the opinion that it is also ineffective in the face of actual notice to the contrary, as shown here, in resolving the issue of election.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.