**O. P. LEONARD, Trustee, Appellant,**

v.

**J. C. HARE, Appellee.**

No. 7113.

Court of Civil Appeals of Texas.

Texarkana.

June 2, 1959.

Rehearing Denied June 23, 1959.

Leachman, Gardere, Akin & Porter, Henry D. Akin, Dallas, for appellant.

Ralph R. Rash, Austin, for appellee.

DAVIS, Justice.

Plaintiff-appellee, J. C. Hare, sued appellant-defendant, O. P. Leonard as Trustee, and also sued Obie Paul Leonard and Robert Woolridge Leonard as parties to said Trust, and W. D. Berry and Dale Alberts as agents of the Trust. Appellee alleged that on March 11, 1955, while working for appellant O. P. Leonard as trustee, on what is known as the Leonard Ranch in Hopkins County and about 5:00 o'clock p. m., on said date an agent of the Trust pulled up to where he was working and told him to unhitch the tractor he was driving from the drag he was pulling and take the tractor to higher ground for the night. He alleged that he had to get off the tractor onto the ground immediately behind the same in order to manipulate the machine with one hand and to pull the pin with the other. Appellee further alleged that the tractor was in a defective condition, which was known to the agent of appellant but such condition was not known to him. When appellee put the tractor in gear to cause it to roll back to loosen the tension on the coupling pin, the tractor suddenly caught in gear and rolled back upon him. He alleged that the tractor was in a defective condition in some 14 different ways. He further alleged that the tractor weighing 7,500 pounds ran backward over him and totally and permanently destroyed his capacity to labor and earn money at any time in the future.

Appellee was carried to a hospital in Sulphur Springs where he stayed for about two months. A day or two after the accident, an insurance adjuster went by to see him but he was still under an oxygen tent. The adjuster talked to his doctor and said that he returned in about a week or 10 days. At any rate, he did go to the hospital and secured a release from appellee at a time when no one was present. Appellee did not recall signing the release, but his wife said that he told her at the time that he had signed for some compensation. In the release that appellee signed, the Liberty Mutual Insurance Company paid appellee $1,062, and paid the doctors and the hospitals $3,333.

Trial was to a jury which found that appellee was employed by O. P. Leonard Trust; that the tractor appellee was using was not in reasonably safe condition; that Jake Maxwell, W. D. Berry or Dale Alberts knew, or in the exercise of ordinary care should have known, that said tractor was not in a safe condition; that such knowledge was negligence; that such negligence was a proximate cause of the injuries received by appellee on March 11, 1955; that placing of oil in the clutch housing of the tractor prior to the injury was negligence; that such negligence was a proximate cause of the injuries received by appellee on March 11, 1955; that the failure of the agents, servants and employees of plaintiff's employer to clean the oil out of the clutch of said tractor was negligence; that such negligence was a proximate cause of the injuries received by appellee on March 11, 1955; that the failure of plaintiff's employer, his or its agents, servants or employees to notify appellee of the presence of oil in said clutch of the tractor was negligence; that such negligence was a proximate cause of the injuries received by appellee on March 11, 1955; that the failure of the defendants to furnish a coupling device to be operated from the seat of the tractor was negligence; that such negligence was a proximate cause of the injuries received by appellee on March 11, 1955; that the appellee in manipulating the tractor clutch from the ground while behind the tractor was not negligent; that appellee in failing

to back up the tractor and release the tension on the pin while he was still on the tractor was not negligent; that appellee did not fail to keep a proper lookout for his own safety while attempting to manipulate the clutch of the tractor at the time and on the occasion in question; that appellee was behind the tractor to manipulate the clutch to relieve the tension, he was in an unsafe position; that the appellee placing himself in such unsafe position was not negligent; that there was not a safe way in which the plaintiff could have backed up the tractor to disengage the tractor from the drag; that appellee being on the ground behind the tractor at the time he manipulated the clutch in order to back it up in order to release the tension on the pin was unsafe; that the appellee did not choose the unsafe way in which to disengage the drag rather than the safe way; that appellee did not assume the risk when he attempted to back the tractor when he was on the ground behind the tractor; that the accident was not the result of an unavoidable accident; that appellee executed a release on April 11, 1955; that appellee had insufficient mental capacity to know and understand the nature and probable consequence of his acts in executing said instrument; and, they affixed his damages at $47,500.

■ Appellant has perfected his appeal and brings forward 19 points of error. By his first three points he complains of the action of the trial court in overruling appellant's contention that appellee assumed the risk when he attempted to back the tractor while he was on the ground directly behind it; that appellee voluntarily exposed himself to a risk he either did or should have fully realized by attempting to release the tension on the pin in the connection between the drag and the tractor in an unsafe manner by backing the tractor while standing directly behind it; and that appellee was guilty of contributory negligence proximately causing his injuries as a matter of law. On a careful review of the evidence, it is not shown that appellee voluntarily subjected himself to the injury that he received. Neither does the evidence show that he knew of the dangerous condition of the tractor. And, of course, whether or not his injuries were proximately caused as a matter of law must be based upon the findings of fact. The evidence is wholly sufficient to support the findings made by the jury in the case and the points are overruled. 29 Tex.Jur. 204, 205; Atchison T. & S. F. Ry. Co. v. Ayers, Tex.Civ.App., 192 S.W. 310; Orange Lumber Co. v. Ellis, 105 Tex. 363, 150 S.W. 582; Texas & P. Ry. Co. v. Johnson, 48 Tex.Civ.App. 135, 106 S.W. 773; wr. ref.; Walgreen-Texas Co. v. Shivers, 137 Tex. 493, 154 S.W.2d 625; Lawson v. Hutcherson, Tex.Civ.App., 138 S.W.2d 131, wr. dis., judgm. cor.

■ By his fourth and fifth points of error, appellant complains of the action of the trial court that there was no evidence to sustain the finding of the jury that appellant was guilty of negligence, and that the evidence was insufficient to support the findings of the jury. Careful examination of the record as a whole will not support these points. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

■ By his points of error six through ten, appellant complains of the action of the trial court in not holding the appellee bound by the release. It will be remembered that the release was signed, according to the testimony, on April 11, 1955. It shows in the release that the injury was alleged to have occurred on March 4, 1955. (The accident occurred on March 11, 1955.) The evidence shows that Mr. Hare was in the hospital alone on the date the release was signed around noon. Mr. Hare did not remember signing any instrument, although he told his wife he had signed for some compensation. The evidence shows that he had not taken any opiates either on the day the release was signed, or the day before. But it also shows that he was in a very serious con-

dition. His vision was impaired and he was suffering from a severe injury. There is some evidence that there was a mask by his bed and a notice on the door which read: "No Visitors." The adjuster from the Insurance Company gained admission to the room and in less than an hour's time had secured the appellee's signature to the release; and they began paying him $18 per week. This was on a voluntary compensation policy that Liberty Mutual had issued to the O. P. Leonard Trust. Appellee did not recall the instrument and says that he could not read. He would not deny signing the instrument and he did admit receiving $18 weekly compensation for about a year. He secured the services of counsel and began negotiations for a settlement. After filing suit is when he learned that he had signed a release. Upon learning that he had signed a release, he immediately stopped accepting the $18 payments.

Back to the time when the release was signed, the hospital records show that his condition was apparently "normal, considering the severity of the injury" he had received.

The jury on sufficient testimony found that the appellee did not realize what he was signing at the time he signed the release. The evidence is sufficient to support their finding and the contention of appellant must be overruled. The release did not have to be approved by anyone. It does not come within the holdings of the courts in cases involving workmen's compensation. Brannam v. Texas Employers Ins. Ass'n, 151 Tex. 210, 248 S.W. 2d 118; Morton v. Federal Underwriters Exchange, Tex.Civ.App., 173 S.W.2d 515;

Texas Employers Ins. Ass'n v. Miller, Tex. Civ.App., 130 S.W.2d 893, affirmed 137 Tex. 449, 154 S.W.2d 450; and Kibadeaux v. Standard Dredging Co., 5 Cir., 81 F.2d 670.

■ We are much concerned about the judgment of the court in setting aside the release because the Insurance Company was not made a party to the suit. We find that under the holding of Downer v. Southern Union Gas Co., 53 N.M. 354, 208 P.2d 815, and authorities therein cited, such action should be approved. 76 C.J.S. Release § 33, p. 661; 76 C.J.S. Release § 63, p. 703, "Release of Joint Tort Feasor"; 35 Am.Jur. 963 Sec. 535; 45 Am.Jur. 711, Sec. 52. To the same effect is the holding of our Texas Courts in Orange Lumber Co. v. Ellis, supra.

Points 11, 12, 13, 14, 15, 16 and 17 are without merit and are respectfully overruled.

By Points 8 and 19, appellant complains of the action of the trial court in the submission of Issue No. 2 of the charge. These points are without merit and are overruled. As pointed out hereinabove, appellee alleged the tractor was defective in 14 different ways. The evidence was sufficient to support the jury's finding on the issues. Wilson Hydraulic Casing Pulling Machine Co. v. James, Tex.Civ.App., 271 S.W. 424; Hines v. Jones, Tex.Civ. App., 225 S.W. 412, n. w. h.; Thompson v. Brown, Tex.Civ.App., 222 S.W.2d 442, n. w. h.; Red Star Coaches v. Lamb, Tex. Civ.App., 41 S.W.2d 523, 525, wr. dis.

Finding no error in the record, the judgment of the trial court is affirmed.