O. P. LEONARD, AS TRUSTEE, V. J. C. HARE.

No. A-7454. Decided June 1, 1960.
Rehearing Overruled July 13, 1960.
(336 S.W. 2d Series 619)

*Leachman, Gardere, Akin & Porter,* of Dallas, for petitioner.

The Court of Civil Appeals erred in holding that Respondent Hare was not bound by the release of his common law action and election to accept voluntary compensation benefits which he signed and ratified. Associated Emp. Lloyds v. Howard, 294 S.W. 2d 706; Indemnity Ins. Co. v. Howard, 294 S.W. 2d 706.

*Ralph R. Rash,* of Austin, for respondent.

In response cited Brannam v. Texas Emp. Ins. Ass'n., 151 Texas 210, 248 S.W. 2d 118.

MR. JUSTICE CULVER delivered the opinion of the Court.

In a common-law action brought against his employer O. P. Leonard as trustee, respondent Hare, an agricultural worker, was awarded damages for personal injuries sustained by him in the course of his employment. Hare had been driving a tractor to which was attached a heavy "drag." At the end of the day's work Hare dismounted and while standing behind the tractor reached over and manipulated the clutch to back up the tractor and release the tension so that the "drag" could be uncoupled. The tractor backed over Hare resulting in serious injuries to him. Judgment in his favor based on the jury verdict was affirmed by the Court of Civil Appeals. 325 S.W. 2d 197.

We granted this application on motion for rehearing to examine into petitioner's first point which had not been discussed in that court's opinion. It is as follows:

"The error of the Court of Civil Appeals in holding that respondent was not bound by the release of his common law action and election to accept voluntary compensation benefits

which he signed and ratified by writing for such payments and by accepting, endorsing and cashing drafts for fifty-nine weekly compensation payments, each of which showed on its face to have been tendered in payment of such voluntary compensation benefits."

This employer carried a voluntary compensation policy for those employees such as Hare, who were not covered by workmen's compensation law. While in the hospital, possibly a month after the injury. Hare signed an acceptance of the compensation benefits and a release of his employer from common-law liability. The adjustor for the insurance company testified that he fully explained to Hare the terms of the policy and the nature of his rights under the law. Hare testified that he was not mentally capable of understanding the consequences of his act; that he did not receive a copy of the instrument, and had never seen it since; that while the company did pay his hospital bills in the sum of some $3,000.00 and that he accepted and cashed weekly compensation checks for 14 months, when he was advised by his lawyer of his right to sue his employer for damages at common law he immediately ceased cashing the checks, returned such as were delivered to him thereafter and forthwith filed this action.

The jury found that Hare had insufficient mental capacity to know and understand the nature and probable consequences of his act in executing the agreement and release. No issue was submitted to the jury inquiring as to whether or not Hare by acceptance of the compensation payments had ratified the written election agreement. Petitioner, Leonard, must therefore take the position, as he does here, that under all the facts and circumstances shown Hare ratified the contract as a matter of law. We are unable to sustain petitioner in this contention.

By the jury finding of lack of mental capacity at the time of signing the agreement, which we think has support in the evidence, the question of the election of Hare's right to accept the compensation payments or to pursue a common-law action against his employer for damages was eliminated from the case. Hare and his wife, of course, knew that they were receiving "compensation" checks; that his hospital bills had been paid and that he was entitled to and was receiving further medical treatment, all being paid by the insurance company as a result of his injuries. At certain times when the checks had not arrived promptly Mrs. Hare wrote the company inquiring about the delay and insisting on payment. But all this falls short of es-

tablishing as a matter of law that at the time of accepting this compensation Hare was in possession of and acquainted with all of the facts or that as a matter of law he knew his rights and privileges to accept or reject the benefits under the voluntary compensation policy or to sue his employer at common law or to release him from liability.

The rule is thus stated in Employers' Indemnity Corp. v. Felter, Texas Civ. App., 264 S.W. 137, 142, and approved by the Commission of Appeals in the same case, 277 S.W. 376, 378:

"* * * But before a party can be held to have elected his remedy, or can be estopped from assenting a different remedy, he must have known at the time he proceeded of the existence of more than one available remedy. He cannot be held to have made a choice when he did not know that any such choice was open to him."

To hold with petitioner we must say that as a matter of law Hare knew at the time he accepted the compensation checks that the remedy of a suit at common law against his employer was available to him.

Slay v. Burnett Trust, 143 Texas 621, 187 S.W. 2d 377, holds that an "election of remedies is not an inflexible rule. One qualification is that a party is not concluded by selection of one of two remedies unless made with knowledge or means of knowledge of the facts."

In Loveless v. Texas Employers Ins. Ass'n., Texas Civ. App., 269 S.W. 2d 454, wr. er. ref., the plaintiff, upon being told by his employer that he was not covered by workmen's compensation, sued a third party at common law. Upon ascertaining that his employer did in fact carry workmen's compensation he dismissed his common law action and filed his claim with the Board. The compensation carrier defended on the statutory ground that if an employee elects to proceed in a common-law action for damages against a third party, then he is not entitled to compensation. The Court applied the rule that before one can be said to have elected which course he will pursue he must have knowledge or be legally charged with knowledge that more than one course is available to him.

Before the plea of ratification will operate to bind a party, the alleged acts must be taken by him with full knowledge on his part of all of the pertinent facts. Green v. Hopper, Texas

Civ. App., 278 S.W. 286, no writ history; Kennedy v. Bender, 104 Texas 149, 135 S.W. 524.

The petitioner both in his original application and in his argument of his motion for rehearing, so far as authorities go, relies wholly on Associated Employers Lloyds v. Howard, 156 Texas 277, 294 S.W. 2d 706. We do not regard the holding in that case as applicable to the facts here. There the plaintiff was admittedly covered by the workmen's compensation law. He had no right of election to sue his employer at common law. In that case the claimant, after receiving weekly compensation benefits during his absence from employment, made and executed a compromise settlement agreement and that settlement was approved by the Industrial Accident Board. His contention was that he had been mislead into making that agreement. He later cashed the check tendered to him as per the agreement and signed a compromise settlement receipt. He claimed no fraud as an inducement to this later acceptance. It therefore was held to be immaterial that the claimant had been induced by fraud to execute the original settlement agreement, since he later accepted payment and executed the new release. In the case at bar Hare accepted the payments but without knowledge of his right to an election. The point is overruled.

Being of the opinion that the Court of Civil Appeals reached the correct result on the questions discussed in its opinion, the judgment of that court is accordingly affirmed.

Opinion delivered June 1, 1960.

Rehearing Overruled July 13, 1960.