**TRAVELERS INSURANCE COMPANY, Appellant,**

v.

**Virgil Albert BROWN, Appellee.**

**No. 7676.**

Court of Civil Appeals of Texas.

Texarkana.

Nov. 9, 1965.

Rehearing Denied Nov. 30, 1965.

Howard Waldrop, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellant.

B. D. Moye, Old & Moye, Mt. Pleasant, for appellee.

DAVIS, Justice.

A voluntary Workmen's Compensation suit. Plaintiff-appellee, Virgil Albert Brown, sued defendant-appellant, Travelers Insurance Company, for voluntary workmen's compensation benefits as provided for in a policy of insurance that was issued by appellant to Ranch Management, Inc., containing voluntary workmen's compensation benefits as follows:

"1. Insuring Agreement I of the policy is amended by adding thereto an additional coverage as follows:

Coverage C—Voluntary Compensation. To pay on behalf of the insured,

**426**

if any employee within a group of employees hereinafter described shall sustain injury, including death resulting therefrom, while employed by the insured in operations in a state specified opposite the description of such group of employees, under circumstances which would have rendered the insured liable for compensation if the injured employee and the insured had been subject to the workmen's compensation law hereinafter designated with respect to such employment, an amount equal to the compensation and other benefits which would have been payable under such law had the injured employee and the insured been subject to such law with respect to such employment."

The case was tried before a jury and judgment was entered on the jury verdict for the appellee for the sum of $3,679.00. Appellant's amended motion for new trial was overruled. Appellant has perfected its appeal and brings forward only one point of error.

Appellant contends the trial court erred in holding that there was coverage of appellee under the voluntary Workmen's Compensation insurance policy which was made the basis of appellee's cause of action for the reason that the undisputed proof in the trial court shows that appellee was precluded and barred from recovery under said voluntary workmen's compensation insurance policy by filing a common law action against the assured under the voluntary workmen's compensation policy prior to instituting action on the voluntary workmen's compensation policy.

There is no statement of facts on file that would tend to show that the "undisputed proof" showed in the trial court. In the event the policy of insurance was offered in evidence, the policy contains the following provisions:

"If any person entitled to payment under coverage C shall refuse to ac-

cept such payment and to comply with the terms and conditions set forth above or if any person shall commence any proceedings at law, in equity or in admiralty, except for such payment, seeking damages from the insured or the *company* on account of such injury, the company's liability under Coverage C with respect to such injury is thereupon terminated." (Emphasis added).

Ranch Management, Inc., was engaged solely in agricultural pursuits and appellee did commence a suit against his employer. Appellant states in its brief that appellee was "without any knowledge of the terms and conditions of said policy." After learning of the conditions of the policy he filed suit against the appellant and took a nonsuit in his common law action against Ranch Management, Inc.

It seems that appellee had 2 available remedies. One was a provision for a common law action against the employer. The second was a suit for the compensation benefits under the voluntary workmen's compensation policy. Since the appellee did not know of the right to sue under the policy until after he had already filed his common law action, it seems that he could elect to pursue either remedy. After he had gained the knowledge of the contents of the voluntary workmen's compensation policy he was allowed to pursue that remedy. Leonard v. Hare, (1960) 161 Tex. 28, 336 S.W.2d 619, and authorities cited therein. The mere institution of a common law action suit that is not prosecuted to judgment does not constitute an election of remedies. McHaney v. Hackleman (Tex.Civ.App.1961), 347 S.W.2d 822, W.R., N.R.E. The common law action was not pursued to judgment and the appellee did not receive any benefits therefrom. The point is overruled.

The judgment of the trial court is affirmed.