**Affirmed and Memorandum Opinion filed May 31, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00556-CV

---

## ALIZABETH NICKOLS, Appellant

### V.

## OASIS REMARKETING, LLC, D/B/A DISCOVERY AUTO ENTERPRISE, Appellee

---

**On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2016-11376**

---

## M E M O R A N D U M   O P I N I O N

Appellant Alizabeth Nickols appeals from a summary judgment granted to appellee Oasis Remarketing, LLC, d/b/a Discovery Auto Enterprise ("Oasis") on Nickols's claims under the Texas Deceptive Trade Practices Act ("DTPA"). We conclude that Oasis conclusively established its entitlement to summary judgment on limitations grounds and accordingly affirm the judgment.

## Factual Background

We accept as true the following facts taken from Nickols's live petition or her response to the motion for summary judgment.[1]

On November 30, 2011, Nickols purchased a used Volkswagen automobile from Oasis. The car came with a limited warranty that expired at either 100,000 miles or five years from the date of purchase, whichever occurred first. The warranty agreement was between Nickols and Auto Service Company, Inc. ("ASC"). When Nickols took possession, the car's odometer read 75,276 miles. As of December 1, 2015, the car's odometer read 89,978 miles.

ASC paid for various repairs until August 17, 2015, when Nickols sought warranty coverage for additional repairs but was denied. ASC refused to pay for additional repairs because the warranty agreement limited repair payments to the car's "NADA loan value," and as of August 2015 ASC had paid in excess of $800 over the loan value. ASC cited text in the warranty agreement stating:

LIMITS OF LIABILITY

IN NO CASE SHALL THE TOTAL OF ALL REPAIRS PAID OR PAYABLE EXCEED THE NADA LOAN VALUE OR VEHICLE PURCHASE PRICE, WHICHEVER IS LESS AT THE TIME OF REPAIR(S).

The copy of the warranty agreement in Nickols's possession since the date of purchase was incomplete and did not show the limitation of liability language.

## Procedural Background

Nickols filed suit against Oasis on February 23, 2016. Nickols alleged that Oasis orally assured her when she bought the car that the warranty would protect her

---

[1] *See Boon Ins. Agency, Inc. v. Am. Airlines, Inc.*, 17 S.W.3d 52, 54-55 (Tex. App.—Austin 2000, pet. denied).

for five years. Nickols further contended she would not have bought the car if Oasis had told her that the warranty coverage for repairs was limited by the declining value of the car. She asserted a claim under the DTPA, alleging that Oasis committed three acts specifically prohibited under the act. *See* Tex. Bus. & Com. Code § 17.46(b)(12), (20), (24).[2] She also alleged that Oasis's conduct was unconscionable.

Oasis answered and asserted a counterclaim for attorneys' fees under Texas Business and Commerce Code section 17.5052, relating to offers of settlement. *Id.* § 17.5052.

Oasis filed a traditional motion for partial summary judgment. Oasis designated the motion "partial" in the sense that Oasis sought summary judgment on Nickols's affirmative claim but did not seek summary judgment on Oasis's counterclaim for attorneys' fees. Oasis asserted two grounds for summary judgment on Nickols's DTPA claim: (1) her claim was barred by the applicable statute of

---

[2] These sections provide:

(b) Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:

. . .

(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

. . .

(20) representing that a guaranty or warranty confers or involves rights or remedies which it does not have or involve, provided, however, that nothing in this subchapter shall be construed to expand the implied warranty of merchantability as defined in Sections 2.314 through 2.318 and Sections 2A.212 through 2A.216 to involve obligations in excess of those which are appropriate to the goods;

. . .

(24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; . . .

limitations; or, alternatively, (2) to the extent Nickols relied on "verbal representations of [Oasis] in lieu of the contents of the written contract," her reliance was unreasonable as a matter of law under the statute of frauds. Regarding its limitations ground, Oasis argued that the alleged deceptive act occurred November 30, 2011, and Nickols filed suit on February 23, 2016. As discussed below, the applicable limitations period for the DTPA claims Nickols asserted is two years from the date of the false, misleading, or deceptive act, or within two years of the date the consumer discovered or should have, with reasonable diligence, discovered the false, misleading, or deceptive act.

Oasis claimed entitlement to summary judgment regardless which limitations period applied. First, Nickols did not file her lawsuit within two years of November 30, 2011, the date of purchase. Second, taking as true Nickols's contention that Oasis provided her an incomplete copy of the warranty agreement on the date of purchase, Oasis argued that Nickols, had she exercised reasonable diligence, such as by reading the agreement, should have discovered the alleged deceptive act as of November 30, 2011. Oasis further argued that had Nickols read the agreement any time after November 30, 2011 while she undisputedly possessed it, she would have realized it was incomplete. Upon requesting a complete copy, Nickols would have learned that the agreement's terms were not consistent with what she now contends was her understanding of the warranty as allegedly explained by Oasis's representative. But Nickols made no attempt to obtain a complete copy of the agreement until after August 17, 2015.[3]

---

[3] Oasis attached to its summary judgment motion two copies of the warranty agreement. The first was a complete copy purporting to bear Nickols's signature. The second was an incomplete copy Nickols produced in discovery as the version she received at the time she took possession of the vehicle.

Nickols filed a response to Oasis's motion. In her response, Nickols argued that the version of the warranty agreement that is complete and purports to bear her signature is a forgery. According to Nickols, the copy of the warranty agreement she received at the time of purchase was incomplete—it did not contain the limiting language cited above—and unsigned by her. In response to Oasis's argument that the copy of the agreement in her possession since November 30, 2011 should have alerted her to its incomplete nature, Nickols asserted that Oasis's conduct was unconscionable.

Following a hearing, the trial court signed an order granting Oasis's motion on April 10, 2017. The order does not state the grounds on which the court granted Oasis's motion. The order was interlocutory because Oasis's claim for attorneys' fees remained pending.[4] Oasis non-suited its counterclaim on July 7, 2017. The court signed a final judgment disposing of all claims and all parties four days later on July 11, 2017.

Nickols filed a timely notice of appeal.

**Issues**

In two issues, Nickols argues that the trial court erred in granting summary judgment for Oasis, and that this court should remand for trial. Nickols presents a combined argument as to both issues.

---

[4] The text of the order states that it granted Oasis's "Motion for No-Evidence Summary Judgment." We consider the reference to a "no-evidence" motion a scrivener's error. The trial court could not have granted a no-evidence motion for summary judgment because Oasis did not file such a motion and, further, Oasis could not have sought a no-evidence summary judgment on its affirmative defenses of limitations and the statute of frauds. *See Haver v. Coats*, 491 S.W.3d 877, 881 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

**Analysis**

## A.    Standard of review

We review the trial court's grant of summary judgment de novo. *Lopez v. Ensign U.S. S. Drilling, LLC*, 524 S.W.3d 836, 841 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009)). In the traditional summary judgment context, as here, the movant has the burden to conclusively show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Lopez*, 524 S.W.3d at 841. A defendant moving for summary judgment on the affirmative defense of limitations must conclusively establish that defense by (1) showing when the cause of action accrued, and (2) negating the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the nature of the injury. *See KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *DeWolf v. Kohler*, 452 S.W.3d 373, 389 (Tex. App.—Houston [14th Dist.] 2014, no pet.). When the facts are not disputed, the question of when a cause of action accrues is a question of law. *Cody Tex., L.P. v. BPL Expl., Ltd.*, 513 S.W.3d 522, 532 (Tex. App.—San Antonio 2016, pet. denied); *Loyd v. ECO Res., Inc.*, 956 S.W.2d 110, 126-27 (Tex. App.—Houston [14th Dist.] 1997, no writ), *abrogated on other grounds by Tooke v. City of Mexia*, 197 S.W.3d 325, 342-43 (Tex. 2006).

Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in

6

their conclusions in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755, 757 (Tex. 2007) (per curiam). In evaluating whether the nonmovant has met her burden, we accept as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Dias v. Goodman Mfg. Co., L.P.*, 214 S.W.3d 672, 675-76 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *see also Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006) (in de novo review of summary judgment, court considers all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not).

Finally, when, as here, the trial court grants a motion for summary judgment without specifying the grounds, we will affirm the trial court's judgment if any of the independent grounds supporting the motion are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000).

**B.    The trial court did not err in granting summary judgment because the statute of limitations bars Nickols's claim.**

As Nickols acknowledges, the statute of limitations on DTPA claims is two years. *See* Tex. Bus. & Com. Code § 17.565; *KPMG Peat Marwick*, 988 S.W.2d at 749. The relevant provision under the DTPA provides:

> All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice.

Tex. Bus. & Com. Code § 17.565.

In its motion for summary judgment, Oasis established the date of the alleged false, misleading, or deceptive act was November 30, 2011. In her summary

judgment response, Nickols did not dispute or controvert this fact. Under the first clause of section 17.565, Nickols was required to file suit by November 30, 2013. She filed suit on February 23, 2016. Thus, the trial court's summary judgment was correct unless the discovery rule clause of section 17.565 applies, and Nickols raised a genuine issue of material fact that her cause of action accrued within two years preceding February 23, 2016.

Nickols did not raise the discovery rule in her live petition. Ordinarily, a party claiming reliance on the discovery rule must plead it, including in a DTPA case. *See Houston Livestock Show & Rodeo, Inc. v. Hamrick*, 125 S.W.3d 555, 570 (Tex. App.—Austin 2003, no pet.); *Sanders v. Constr. Equity, Inc.*, 42 S.W.3d 364, 368 (Tex. App.—Beaumont 2001, pet. denied). Despite Nickols's failure to plead the discovery rule, Oasis argued in its summary judgment motion that it was entitled to summary judgment on limitations grounds even under section 17.565's discovery rule component.

The discovery rule does not apply to claims that could have been discovered during the limitations period through the exercise of reasonable diligence. *See Kerlin v. Sauceda*, 263 S.W.3d 920, 925 (Tex. 2008). In her summary judgment response, Nickols did not attempt to controvert Oasis's argument that her claim was time-barred because she discovered, or in the exercise of reasonable diligence should have discovered, the occurrence of the false, misleading, or deceptive act or practice more than two years before filing suit. She did not argue or present evidence in her summary judgment response raising a genuine issue of material fact that she discovered the occurrence, or should have discovered the occurrence in the exercise

8

of reasonable diligence, after February 23, 2014.  In fact, Nickols acknowledged that she had possession of the incomplete agreement since the date of purchase.[5]

Instead, in response to Oasis's argument that she should have known her copy of the agreement was incomplete, she contended, without citing authority, that Oasis's alleged conduct was unconscionable.  Nickols does not adequately advance the "unconscionability" argument in her brief to this court.  *See* Tex. R. App. P. 38.1(i).  Nickols contends on appeal that the summary judgment was error because she filed suit within one year after her cause of action allegedly arose.  However, she did not advance this argument in her summary judgment response and we cannot reverse the judgment on a ground not presented in her response.  *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) (non-movant has burden to expressly present reasons it avoids summary judgment if movant has proved it is entitled to summary judgment as a matter of law); *Home Loan Corp. v. JPMorgan Chase Bank, N.A.*, 312 S.W.3d 199, 205 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (same); *Reyes v. Storage & Processors, Inc.*, 86 S.W.3d 344, 348 (Tex. App.—Texarkana 2002) (holding that because appellant did not raise particular issue in response to motion for summary judgment, he may not raise it on appeal), *aff'd*, 134 S.W.3d 190 (Tex. 2004).  Nor did she plead the discovery rule or argue the rule's applicability in response to Oasis's motion for summary judgment.

In short, because Nickols presented no evidence to raise a genuine issue of material fact that her cause of action accrued within two years preceding February 23, 2016, the trial court did not err in granting Oasis's motion for summary judgment on limitations grounds.

---

[5] Although reasonable diligence is generally an issue of fact, "in some circumstances, we can still determine as a matter law that reasonable diligence would have uncovered the wrong." *Hooks v. Samson Lone Star, Ltd. P'ship*, 457 S.W.3d 52, 58 (Tex. 2015).

## Conclusion

For the above reasons, we affirm the trial court's judgment.

/s/    Kevin Jewell
        Justice

Panel consists of Justices Busby, Brown, and Jewell.